Curia, per
O’Neall, J.
In this case, we concur entirely in the opinion of the Recorder. When this case was before the court at its last term in Charleston, it was held that the plaintiffs’s entries were not,- of themselves, and supported by the plaintiffs’s oath, enough to charge the defendant. For when goods are delivered to a third person, at the request of the defendant, the request or direction of the defendant must be proved ; 2 Spears, 284.
On this occasion, that has been attempted to be done; and if it had been shewn that the goods were, in pursuance of Brown’s direction, delivered to Hieronymus, without any liability on the part of the latter to the vendor for the price, then there is no doubt that Brown’s undertaking would have been original, and not collateral. From Hieronymus’s testimony, however, it is very apparent that the purchase was for himself, the debt was his own, and Brown was to pay it, and if he did not, defendant would. This, beyond all doubt, is collateral, and the promise, not being in writing, is void by the statute of frauds.
This, however, it is said, is not the sense in which the plaintiffs understood it; and in support of it, their entries are appealed to; but, it must be remembered, their entries are evidence of nothing, save the fact of delivery of the specified articles, and their prices. On whose credit (where the person’s liability is the question) they were delivered, must appear aliunde. The testimony of Hieronymus is, that he explained to Mr. Kinloch that “the defend *226 ant was to be security and see him paid.” This is enough for that view of the case. But if Brown’s promise was only collateral, and the plaintiffs thought proper to consider it as original, that will not help them. The defendant’s liability is to be tested by his undertaking. This is stated again and again by Hieronymus to be, that if “he, (Hieronymus) did not pay the amount to the plaintiffs, Brown would have it to pay.” But plaintiffs’s counsel contended that this was a question of fact for the jury. Whether the facts proved made a case within the statute of frauds and perjuries, was a legal question. All the facts proved were to be .taken as true, and if, upon them, the Judge below thought, (as he did) that the promise was collateral, then he had the right to order a nonsuit.
The motion to reverse the Recorder’s decision, is dismissed.
Richardson, Evans, Wardlaw and Frost, JJ, concurred.